# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1200

———————

Christopher Collins,                             *
                                                 *
            Appellant,                           *
                                                 *    Appeal from the United States
      v.                                         *    District Court for the
                                                 *    Eastern District of Missouri.
Missouri Electric Cooperatives                   *
Employees Credit Union,                          *    [UNPUBLISHED]
                                                 *
            Appellee.                            *

———————

Submitted: August 5, 2008
Filed:  August 11, 2008

———————

Before MURPHY, BYE, and BENTON, Circuit Judges.

———————

PER CURIAM.

In this pro se action against the Missouri Electric Cooperatives Employees Credit Union (MECECU), brought pursuant to the Electronic Fund Transfer Act (EFTA), 15 U.S.C. §§ 1693-1693s, Christopher Collins appeals the district court's[1] adverse grant of summary judgment on one of his claims, the court's denial of his motion for judgment as a matter of law on another claim, and the court's failure to

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

award damages on his two successful claims. For the reasons stated, we affirm in part, vacate the judgment, and remand the case for further proceedings.

First, we hold that the district court did not err in granting summary judgment for MECECU on Collins's claim that he was not provided proper periodic statements for his MECECU account, because monthly statements were sent to him by electronic mail as he had specifically requested. See 15 U.S.C. § 1693d(c) (requiring that periodic statements be provided to consumers; containing no requirement that such statements be made available in writing); Canady v. Wal-Mart Stores, Inc., 440 F.3d 1031, 1034 (8th Cir. 2006) (grant of summary judgment reviewed de novo). We also conclude that 15 U.S.C. § 1693d(a) – which Collins newly cites on appeal to support his section 1693d(c) claim – is inapposite.

Second, we hold that the district court did not err in denying Collins's motion for judgment as a matter of law notwithstanding the jury's verdict on his claim asserting MECECU's liability for unauthorized electronic fund transfers, because the verdict was well supported by the evidence at trial. See 15 U.S.C. § 1693a(11)(A) (electronic fund transfer is not unauthorized if initiated by person to whom consumer furnished debit card, unless consumer has notified financial institution that transactions conducted by such person are no longer authorized); Salitros v. Chrysler Corp., 306 F.3d 562, 568 (8th Cir. 2002) (denial of judgment as matter of law reviewed de novo; appellate court must view evidence in light most favorable to nonmoving party, draw all reasonable inferences in favor of nonmoving party, and disregard all evidence in favor of moving party that jury was not required to believe).

Finally, in light of the district court's post-appeal order partially granting Collins's Federal Rule of Civil Procedure 60(a) motion and inviting a remand, and the lack of a meaningful opportunity for Collins to present his 15 U.S.C. § 1693m(b)(1) arguments to the district court in the first instance, we vacate the judgment and

remand the case to the district court for further proceedings solely on the issue of damages.

Accordingly, we affirm the district court's summary judgment rulings, affirm the district court's denial of Collins's motion for judgment as a matter of law, vacate the judgment, and remand the case to the district court for further proceedings consistent with this opinion. MECECU's pending motion seeking to preclude this court's consideration of the damages issue is denied.

_____